FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 7 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01989-RPM-MJW

STANDARD BANK, PLC,

    Plaintiff,

vs.

RUNGE, INC., f/k/a RUNGE MINING, INC., and d/b/a PINCOCK, ALLEN & HOLT,

    Defendant.

## PROTECTIVE ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)     Review of confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b)     The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(c)     Only documents or written discovery responses a producing party in good faith contends contain trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data production data, data which touch upon the topic of price, proprietary

commercial or business information, personal information regarding witnesses or non-parties, information subject to a third-party confidentiality obligation and information produced by non-parties who are the subject of discovery in this action that the non-parties are under an obligation to maintain in confidence, may be designated confidential, provided such documents have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it. Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word confidential on each page.

(d) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the court. Such application shall only be granted on grounds authorizing entry of a protective order under F.R.Civ.P. 26(c).

(e) Documents designated confidential shall be shown only to the attorney, the parties, parties' experts, witnesses at or in preparation for a deposition, the Court, any personnel of the Court and any court reporters or videographers retained to record and/or transcribe trial or deposition testimony in this action, and personnel of photocopy, graphics, litigation, jury consulting and similar firms engaged by a party in connection with this litigation. Each person who is permitted to see confidential documents shall first be shown a copy of this order

CHI-1651575v3

and shall further be advised of the obligation to honor the confidentiality designation. Outside experts or outside consultants, and their respective staff, may obtain access to confidential information only after such persons have confirmed their understanding and agreement to abide by the terms of this Protective Order by signing a copy of the Declaration of Compliance attached as Exhibit 1 ("the Declaration of Compliance"), which Declaration(s) need not be provided to any other party except in response to a motion setting forth a good faith factual basis for a claim that a party violated its obligations under this section of this Protective Order.

(f) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(g) At the time of deposition or within 10 business days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in

CHI-1651575v3

writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential until the expiration of the above-referenced period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

(h) If information or documents subject to a claim of confidentiality are inadvertently produced or disclosed without being so designated, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the producing party would otherwise be entitled. If and when a producing party ascertains that confidential information was inadvertently produced without being designated as such, the producing party shall notify the receiving party of the claim of confidentiality and the basis therefore, and the receiving party shall thereafter treat the information or documents as confidential under the terms of this Protective Order.

(i) If information or documents subject to a claim of attorney-client privilege, attorney work product, or any other privilege applicable in this litigation are inadvertently produced or disclosed, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product to which

the producing party would otherwise be entitled. If and when a producing party ascertains that privileged or work product information was inadvertently produced, the producing party shall notify the receiving party and shall state the basis for the claim of privilege or work product in compliance with F.R.Civ.P. 26(b)(5)(A). Upon receipt of such notice, the receiving party shall take all reasonable steps to promptly return the privileged or work product material, and any copies, and to eliminate the information from any litigation support system, provided that returning or destroying a document or information pursuant to this section of this Protective Order shall in no way limit the right of the receiving party to assert that the document or information was not properly designated as privileged or work product material.

(j) In filing materials with the court in pretrial proceedings, counsel shall file under seal pursuant to D.C.COLO.LCivR 7.3 only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.

(k) In any application to the court referred to or permitted by this order, the court may exercise discretion in determining whether the

CHI-1651575v3

(l)  prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(l) Within sixty (60) days after the termination of this litigation, including all appeals, whether by final judgment, settlement, dismissal, or other final disposition, documents designated as confidential and all copies and extracts of such documents, shall be returned to the producing party or destroyed, at the option of the receiving party. Outside counsel for the parties shall be entitled to retain the following documents that contain confidential information: (a) court papers, including attachments or exhibits; (b) deposition and trial transcripts, including exhibits; and (c) attorney work product; provided that such outside counsel, and employees of such outside counsel, shall not disclose such documents, papers, or work product containing "CONFIDENTIAL" information to any other person except pursuant to Court order or with the prior agreement of the party that produced the "CONFIDENTIAL" information.

(m) After the conclusion of this case, the provisions of this Protective Order shall continue to be binding upon all parties, persons or entities who are subject to its terms, and the Court shall retain jurisdiction over the parties and the subject matter for the purpose of enforcing this Protective Order.

Dated this 7 day of July, 2008.

_____
United States District Court Judge

CHI-1651575v3

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01989-RPM-MJW

STANDARD BANK PLC,

    Plaintiff,

v.

RUNGE, INC., f/k/a Runge Mining, Inc. and d/b/a PINCOCK, ALLEN & HOLT,

    Defendant.

## DECLARATION OF COMPLIANCE

    I, (print or type full name) _____, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

    1.    I have read the Protective Order entered in this case, a copy of which has been given to me.

    2.    I understand and agree to comply with and be bound by the provisions of the Protective Order upon receipt of any confidential information, document, or thing. I will be personally subject to Protective Order and all of its requirements and procedures, and will be subject to the jurisdiction of the United States District Court for the District of Colorado, for enforcement of the Protective Order.

Executed at _____ on this _____ day of _____, _____.

_____
(Signature)

_____
(Position)    (Name and address of employer)